498 So.2d 340 (1986)
MISSISSIPPI MOVING & STORAGE COMPANY
v.
WESTERN ELECTRIC COMPANY, INC.
No. 56067.
Supreme Court of Mississippi.
November 12, 1986.
*341 John L. Low, IV, Watkins & Eager, Jackson, for appellant.
Tommy E. Furby, Low & Furby, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ANDERSON and GRIFFIN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
The Circuit Court of the First Judicial District, Hinds County, entered summary judgment in favor of Western Electric Company, Inc., (Western Electric) and against Mississippi Moving & Storage Company (Mississippi Moving) for eight thousand three hundred twenty dollars ($8,320) damages to electronic equipment owned by Western Electric Company, Inc. Mississippi Moving & Storage Company appeals from that judgment.
The question presented on the appeal appears more and more frequently before this Court, viz, did the lower court err in granting summary judgment for the appellee?
On September 21, 1979, appellant and appellee entered into a standard transportation services contract (the contract) which provided schedules of services and compensation for moving Western Electric equipment to and from locations and for hoisting and loading equipment in connection with such moves. Appellee contends that the issue of damages must be determined under the contract while appellant thinks that the issue should be decided under the limitation of liability provision of the bill of lading or, in the alternative, the question of which provision should apply was for the jury to determine. The full damage was stipulated to be $8,320, claimed by appellee under the contract. From the bill of lading and the limitations thereof, the total amount due appellee, according to appellant, is nine hundred dollars ($900.00).
On August 25, 1980, employees of appellant went to the Western Electric location, 410 Meadowbrook Road, Jackson, Mississippi, to remove three (3) pieces of equipment (rectifiers), called "bays." The workmen successfully brought up all three bays from the basement of the building to the ground floor, and out to a Mississippi Moving truck with the help of a crane.[1] The bays were loaded on the truck for transporting to Greenwood, Mississippi. Two of the bays were successfully loaded and tied down, but the third rectifer, after having been placed on the tailgate of the truck bed, fell to the ground when the tailgate collapsed, and sustained damage in the sum of $8,320.00.
The bill of lading contained the following provision:
Unless the shipper expressly releases the shipment to a value of 60¢ per pound per article, the carrier's maximum liability for loss and damage shall be either the lump sum value declared by the shipper, or an amount equal to $1.25 for each pound of weight in the shipment, whichever is greater. The shipment will move subject to the rules and conditions of the carrier's tariff.

*342 Shipper hereby expressly releases the entire shipment to a value not exceeding 60¢ per pound per article.
The real issue here is whether or not the contract governs or the bill of lading applies. The parties have been dealing with each for a number of years and have operated under the same type contract and bill of lading. Affidavits in support of and opposition to, the motion for summary judgment were filed by appellee and appellant as to the general course of doing business between them. The appellee argues that the bill of lading was not signed or accepted by it and has no significance or bearing upon the damage claimed. Appellant contends that it was not necessary for the bill of lading to be signed and that such instrument determined appellant's liability. See 13 Am.Jur.2d Carriers § 272 (1964).
Brown v. Credit Card Center, Inc., 444 So.2d 358, 362 (Miss. 1982), held:
The heart of our summary judgment procedure is found in Rule 56(c), Miss.R. Civ.P., which provides as follows:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
We need to keep clearly in mind that is intended by this rule. The Advisory Committee which assisted in the drafting of our civil rules offers in its Comment several helpful views:
* * * * * *
A motion for summary judgment lies only where there is no genuine issue of material fact; summary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried. [Emphasis added]
The argument that there exists no genuine triable issue of material fact is the functional equivalent of a request for a peremptory instruction. It merely occurs at an earlier stage in the life of a civil action. The trial court must review carefully all of the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied... .
Trial judges must be sensitive to the notion that summary judgment may never be granted in derogation of a party's constitutional right to trial by jury. Miss. Const. art. 3, § 31 (1890).
.....
Federal cases suggest that the burden is on the moving party to establish that there is no genuine issue of fact, although this burden is one of persuasion, not of proof. When doubts exists whether there is a fact issue, the non-moving party gets the benefit. Indeed, the party against whom the summary judgment has been sought should be given the benefit of every reasonable doubt... .
444 So.2d at 362.
We have carefully reviewed the pleadings, affidavits, tariff, and other exhibits in the record, and are of the opinion that there was a genuine issue of fact which should have been submitted to the jury. Therefore, the judgment of the lower court is reversed, and the case is remanded for a trial on the merits.
REVERSED AND REMANDED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] The bays each weighed approximately 1,500 pounds.