498 So.2d 833 (1986)
John PARGO, Jr. and Liberty Mutual Insurance Company
v.
The ELECTRIC FURNACE COMPANY.
No. 56613.
Supreme Court of Mississippi.
November 26, 1986.
Suzanne N. Saunders, Saunders & Todd, Jackson, for appellant.
W.P. Mitchell, Stephen M. Corban, Mitchell, Voge, Beasley & Corban, Tupelo, for appellee.
Before ROY NOBLE LEE, P.J., and ANDERSON and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This is an appeal from the Circuit Court of Monroe County, wherein defendant, The Electric Furnace Company (Electric) was granted a M.R.C.P. Rule 56 Motion for Summary Judgment, and plaintiff John Pargo, Jr. saw his cause dismissed with prejudice, plaintiff to pay all costs. In so granting defendant's motion, the trial court, in its opinion, found that plaintiff *834 could not recover from the manufacturer of the salt bath in which Pargo was injured as it was a product with an alleged defect which was "open and obvious", and that plaintiff assumed the risk by being aware of and appreciating the danger while in contact with the machine. We do not agree, and reverse this cause of action, finding that there are genuine issues of material fact to be tried and heard by a jury.
In 1946 American Fork and Hoe Co. (now True Temper Sports, Inc.) ordered a salt bath furnace for quenching tubular golf shafts for use at a plant in Geneva, Ohio. The Electric Furnace Company constructed the salt bath in accordance with the contract and delivered it to the American Fork and Hoe Co. in Geneva, Ohio. Thereafter, American Fork and Hoe constructed a platform at the operator's unloading station and provided a movable wooden platform to be used by their employees when it was necessary to clear a "hangup" in the salt bath furnace.
In approximately 1973, this salt bath was moved from its original location in Geneva, Ohio, to the True Temper Sports, Inc., plant in Amory, Mississippi. The platforms that had been constructed by American Fork and Hoe around the salt bath furnace in Geneva were removed and new ones were designed by True Temper Sports, Inc., in Amory, Mississippi. However, no platform or catwalk was placed on the particular salt bath in which Pargo injured his leg, although the other two salt baths in operation at True Temper Sports, Inc. each had a catwalk which had been constructed around them.
The salt bath had sectionalized covers under the outside perimeters that were bolted down. Underneath the covers was liquified salt that had been heated to a temperature of approximately 500 degrees.
John Pargo, Jr., was an employee of the True Temper Sports, Inc., in Amory, Mississippi, on March 5, 1981, and had been employed there for approximately 13 years.
On the day of the accident, Pargo was on the salt bath helping the operator remove some golf shafts. He unbolted the covers and removed them. Thereafter, he slipped or misstepped, placing his leg down in the salt, and thereafter received burns that resulted in amputation of his right leg below the knee.
The statements adduced by plaintiff in his sworn affidavit revealed his apparent ignorance of the dangerous nature of the salt bath and the consequences which would ensue upon physical contact of his body with the instrument. In this affidavit, Pargo claimed that, while he was aware of the dangerous aspects of the salt bath furnace and that this furnace contained "very hot liquid":
(4) On or before March 5, 1981, I had absolutely no knowledge that the liquid in the salt bath furance was hot enough to cause me to lose my leg if my foot slipped into the salt bath mixture.
When asked whether or not Pargo was capable of appreciating the risks involved while working with the salt bath furnace, Billy G. Pearson, Employee Relations Manager for True Temper Sports, Inc., testified that Pargo's level of intelligence inhibited his full understanding of the relative danger inherent while working with the salt bath. Pearson said that:
I can't do anything about the danger. Well, as far as I'm aware, other than what we've now done  I'll answer it this way  and I don't mean any ill remarks about the employee, because he's a great person but it's hard to guard against ignorance, ...
Further testimony by other employees of True Temper Sports, Inc. revealed that installation of a catwalk for the salt bath furnace  catwalks were on other furnaces  had been contemplated and possibly even recommended at that time, but the idea was discarded as either unnecessary or premature because the furnace was not in operation at that time. Too, the foreman himself (one Robert M. Ledbetter) testified in his deposition that not only was the Company aware of the dangerous nature of the salt baths, but had taken precautionary *835 measures by building catwalks around two of the three salt baths in operation in the plant to alleviate existing safety problems.
Defendants claim that despite the hazardous nature of working with the salt bath furnaces, Pargo had assumed the risk of working with them because he had, they contend, a full understanding and appreciation of the danger inherent to their use for the full five years he had worked with the furnaces in addition to a total of thirteen years of employment with the company.
Because the claims presented by both sides are conflicting as to the extent of the danger involved and whether it may be attributed to a defect in the design of the product (e.g. the failure to provide a safety device to prevent just such an accident as this from occurring), and further as to whether or not plaintiff and appellant herein fully appreciated the dangerous nature of the product with which he dealt on a daily basis to constitute assumption of this risk, we believe that the Motion for Summary Judgment set forth by defendant should not have been sustained.
As a focal point of the inquiry herein, the requirements of the M.R.C.P. Rule 56 Motion for Summary Judgment have not been met, necessitating reversal of the lower court's judgment in this cause of action. Rule 56(c) mandates that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Comment to the Rule as allowed by the Advisory Committee states that summary judgment is not a substitute for the trial of disputed fact issues.
This Court first interpreted the language and import of Rule 56(c) in Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983), in which we noted, while referring to comment made by the Advisory Committee on the Mississippi Rules of Civil Procedure, that:
A motion for summary judgment lies only where there is no genuine issue of material fact: summary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the Court cannot try issues of fact on a Rule 56 Motion; it may only determine whether there are issues to be tried... . The trial court must review carefully all of the evidentiary matters before it  admissions and pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law; summary judgment should forthwith be entered in his favor. Otherwise the motion should be denied.
444 So.2d at 362. See also, Mississippi Moving & Storage Co. v. Western Electric Co., Inc., 498 So.2d 340 (Miss. 1986); Modling v. Bailey Homes, Inc., 490 So.2d 887 (Miss. 1986); Bourn v. Tomlinson Interests, Inc., 456 So.2d 747 (Miss. 1984); Holland v. Kennedy, 454 So.2d 1305 (Miss. 1984), for additional support of the proposition cited in Brown.
Within the general framework established by Brown and the related opinions which followed its standards, other guidelines concerning a Rule 56 motion for summary judgment have emerged. One such rule is found in Shaw v. Burchfield, 481 So.2d 247, 252 (Miss. 1985), in which we held that the burden of proof is on the summary judgment movant, mandating that movant clearly outline a case in which there exists no genuine issue of material fact. Further, in order to rebut motion as set forth by movant, the opposing party must bring forth probative evidence that establishes the existence of triable fact issues. Id.
Finally, in the recent decision handed down by this Court in Melinda Sue Adams, a Minor by and through her Mother and Next Friend, Betty Sue Adams, v. Fred's Dollar Store of Batesville, F.W. Loden and James P. Loden, Individually and d/b/a Loden Partnership, 497 So.2d 1097, 1099 (Miss. 1986), we reaffirmed the *836 earlier case of Gray v. Baker, 485 So.2d 306, 308 (Miss. 1986), adjudicating that the party seeking summary judgment must act affirmatively in establishing the absence of a genuine issue of material fact. And, while just such a burden of proof was shouldered by appellee in an attempt to support his motion for summary judgment, we cannot agree with the view taken by the trial court in so granting appellee's motion that there exists no genuine issue of material fact in the case at bar.
Clearly this case is an instance where triable issues exist: the parties to this action are far from being in agreement as to whether the design of the salt bath furnace was such as to be unreasonably dangerous or whether the danger itself was "open and obvious" and thus would preclude the plaintiff from recovering. Too, we suspect that there may be at issue the substance of a warning given to plaintiff and whether or not it was adequate under the circumstances: in the case of a dangerously designed salt bath furnace with a defect which may not be obvious to the plaintiff, this is, as well, another factual question that is properly before the jury.
In sum, we believe that the granting of the motion has deprived a litigant of a full trial of genuine fact issues, and accordingly reverse and remand this case for further consideration at the trial level.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE, HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.