507 So.2d 891 (1987)
Gracie (Mae) FULTZ
v.
Disera B. DOSS, a Minor BY Jennie B. Doss, Next Friend.
No. 56586.
Supreme Court of Mississippi.
May 13, 1987.
*892 Lewis Burke, Walterine Langford, Vicksburg, for appellant.
Alfred H. Rhodes, Jr., Vicksburg, for appellee.
Before HAWKINS, P.J., and PRATHER and ANDERSON, JJ.
PRATHER, Justice, for the Court:
In the County Court of Warren County a lawsuit was tried February 14, 1984, between Disera B. Doss, a minor by Jennie B. Doss, next friend, (plaintiff) and Gracie Fultz, (defendant) appellant in the present case. The suit arose from an automobile accident and resulted in total damages of $3,651.25 being awarded to Disera B. Doss. Explaining his decision, the county court judge said, "I am going to rule first of all that the accident was caused by the defendant and caused by her negligence." (Emphasis added)
When the written judgment was entered it contained this language: "[T]he plaintiff is entitled to a judgment against the defendant for the willful and malicious injury to her person." The judgment also contained this language: "It Is Therefore Ordered And Adjudged That the Plaintiff ... shall have and is hereby awarded a judgment against the defendant Gracie Fultz for her willful and malicious actions. ..." (Emphasis added)
On April 27, 1984, appellant filed her motion to correct judgment. The motion was argued May 7, 1984 in the County Court of Warren County. Through her attorney, appellant contended there had been no evidence of willful or malicious conduct and that the February 14, 1984 judgment should include "negligence" but not "willful or malicious conduct."
During the hearing on the motion to correct judgment, several items were made part of the record. Appellant introduced a portion of the official transcript of the original trial and a document purported to be the original draft of the judgment that the appellee's attorney presented to her for approval. The purported original draft made no mention of negligence for willful and malicious actions.
The appellee was allowed to introduce into the record a bankruptcy petition filed by Gracie Mae Fultz February 21, 1984. The petition listed the $3,651.25 judgment as Fultz's only debt and asked to be discharged therefrom.
After her motion to correct judgment was dismissed by the Warren County Court, appellant appealed to the Circuit Court of Warren County. In its May 6, 1985 order, the circuit court substituted the term "reckless" for the term "malicious," explaining that "malicious" was not pled in the plaintiff's complaint and was not within the findings of the court but that "reckless" was in the complaint and was a proper substitute.
From that decision, Fultz perfected this appeal assigning as error:
(1) The county court abused its discretion by not following the recorded findings of the court.
(2) The county court abused its discretion by allowing the consideration of a bankruptcy petition in the hearing on appellant's motion to correct the judgment.
(3) The circuit court abused its discretion by correcting the judgment solely on the basis of the language included in the complaint.

II.
As authority for her motion to correct judgment, Fultz relies on Rule 60, Mississippi Rules of Civil Procedure which provides in part:
RELIEF FROM JUDGMENT OR ORDER
.....
(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;

*893 (2) accident or mistake;
.....
(6) any other reason justifying relief from the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation... .
Appellee contends Fultz is attempting to alter or amend the judgment and should proceed under M.R.C.P. 59(e). Rule 59 requires a motion to be served no later than ten days after entry of the judgment. Fultz would be barred from proceeding under Rule 59 because her motion was filed 72 days after entry of the judgment. To the contrary, Rule 60(b) has a "reasonable time" limitation except for parts (1), (2) and (3) which have a six month time limitation. This Court holds Fultz correctly proceeded under M.R.C.P. 60(b) and was not barred by any time limitation, except a "reasonable time." Rule 59(e) is not applicable because Fultz was not attempting to "alter or amend" the judgment. She was simply trying to have the court make the judgment conform to what was originally pronounced.

III.
Did the county court abuse its discretion by allowing a bankruptcy petition to be entered into the record?
Fultz's motion to correct judgment was filed 72 days after the judgment was entered. Appellee in this case argued Fultz's motion should have been dismissed under M.R.C.P. 59(e) for being untimely. Rule 59(e) requires motion to be served no later than ten days after judgment is entered.
To prove Fultz had notice of the judgment within the ten day period, appellee introduced the bankruptcy petition filed February 21, 1984 (seven days after judgment was entered) and which was required to have attached a copy of the judgment. The bankruptcy petition was proof that Fultz knew of the February 14, 1984 judgment within the ten day limitation period in M.R.C.P. 59(e).
This Court holds M.R.C.P. 60 controls and M.R.C.P. 59(e) had no applicability in the present case. The trial court erred in considering the petition for bankruptcy, but this Court holds the error was only harmless error as contemplated in M.R.C.P. 61.

IV.
Did the county court and circuit court err in refusing to correct the judgment to conform with the original holding of the county court?
As previously mentioned, the county court refused to make any changes to the judgment, but the circuit court changed the judgment to conform to the pleadings. This Court holds that both the county and circuit court committed error.
The original trial record reflects Fultz was liable for negligence, but no mention is made of any willful or malicious conduct. Therefore, the county court erred when it refused to correct the judgment to conform to the true findings of the trial court.
As for the circuit court sitting as an appellate court, our first inquiry is whether the circuit court had authority to change the wording of the county court's judgment. Miss. Code Ann. § 11-51-79 (1972) permits appeals from county court to circuit court as follows:
Appeals should be considered solely upon the record as made in the county court and may be heard by the appellate court in term time or in vacation. If no prejudicial error be found, the matter shall be affirmed and judgment or decree entered in the same manner and against the like parties and with like penalties as is provided in affirmances in the supreme court. If prejudicial error be found, the court shall reverse and shall enter judgment or decree in the manner and against like parties and with like penalties as is provided in reversals in the supreme court; provided, that if a new *894 trial is granted the cause shall be remanded to the docket of such circuit or chancery court and a new trial be had therein de novo.
It is not mandatory for the circuit court to order a trial de novo in order to correct the ruling of the county court. McFarland v. McFarland, 292 So.2d 173, 176 (Miss. 1974). If all matters can be disposed of without a new trial, the circuit court is authorized to enter the judgment it thinks the county court should have rendered. Id.
Although the circuit court in the case sub judice had authority to correct the ruling of the county court, the circuit court erroneously changed the judgment to conform to the pleadings instead of the original pronouncement of the trial court. There was no mention of "reckless action" in the original holding of the trial court  only negligence.

V.
In Stringfellow v. Stringfellow, 451 So.2d 219 (Miss. 1984), this Court held that motions for relief under M.R.C.P. 60(b) are generally addressed to the sound discretion of the trial court and appellate review is limited to whether that discretion has been abused. Id. at 221.
In the present case, the record indicates Fultz was found liable for "negligence," but the first judgment recited "willful and malicious" action and the second judgment recited "reckless" action.
This Court holds that this case should be reversed and the judgment against Gracie Fultz be corrected to reflect the original pronouncement of the trial judge.
REVERSED AND REMANDED TO THE COUNTY COURT OF WARREN COUNTY, MISSISSIPPI.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P. JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.