562 So.2d 103 (1990)
The AMERICAN LEGION LADNIER post NUMBER 42, INC. and Ocean Springs Jaycees
v.
The City of OCEAN SPRINGS, Mississippi; C.M. McPherson; Philip I. Harvey; Andre Kaufman; Gene Copeland; Glenn Young, Sr.; Clarence Hamilton, Jr.; Steven Robinson; John Gill and Mississippi Gulf Coast Y.M.C.A.
No. 07-CA-58952.
Supreme Court of Mississippi.
May 9, 1990.
*104 Pat Sheehan, Biloxi, for appellants.
Karl Wiesenburg, Pascagoula, for appellees.
Before ROY NOBLE LEE, C.J., and PRATHER and BLASS, JJ.
BLASS, Justice, for the Court:
In this case the Chancellor gave summary judgment for the City in a dispute between it, on one hand, and the American Legion and the Jaycees on the other. The factual background seems to us to be incomplete. The American Legion and the Jaycees were the lessee and sub-lessee, respectively, and the City of Ocean Springs was the lessor, when an earlier dispute arose. In the course of that dispute the City proposed to terminate the lease by unilateral action and to remove the Legion building. A legal action ensued, at the instance of the Legion, and a temporary injunction was issued to prevent the City from proceeding.
The parties then negotiated, and an agreement[1] was reached whereby the old *105 lease was cancelled, and a new arrangement made. The City agreed to repair the property to make it safe, some particulars being listed. Under the new agreement, the YMCA was to be the governing entity, giving the Legion and the Jaycees, in that order, the first consideration in scheduling the use of the building, and the Legion agreed to drop its suit then pending in the court. The YMCA was to provide maintenance. All those named above were parties to the agreement, and the agreement was to expire at the date the old lease would have expired, in 1992.
Sometime later the YMCA wrote the city and informed the City that it could not continue[2] its operation of the Legion building, and the YMCA asked to be released from any further obligation under the agreement and for the lease to be cancelled. The City Fathers met and simply voted to cancel the lease in accord with that request. The Legion and the Jaycees then brought the present action seeking an order prohibiting any action to sell, remove, destroy or alter the Legion building, an order specifically enforcing the terms of the parties' agreement, or in the alternative, an order specifically enforcing the terms of the lease and sublease, attorney fees, and a permanent injunction, or, further in the alternative, various money damages. On motion of the City, the Chancellor granted summary judgment, and Plaintiffs appeal.
In his order the Chancellor held that the City was to repair the building as stated in the agreement, and that the estimated dollar cost was not significant. The Chancellor's order also stated that no proof was offered by the City as to what work was done, but only that the cost ran over the estimated $3,000.00. On the other hand, the Plaintiffs filed an affidavit asserting that much of the work listed in the contract had not been done. The Chancellor was of the opinion that the Plaintiffs had no standing to complain about the cancellation of the agreement. With deference, however, they were parties to the agreement and there appears to be a factual question as to the failure of consideration for the Legion's having dismissed its action, and a legal issue as to whether the City had the right to cancel the new lease without proof that it had done what it had agreed to do.
The general rule is that where a contract is ambiguous and uncertain, questions of fact are presented which are to be resolved by the trier of fact, and the granting of summary judgment is inappropriate. Fultz v. Doss by Doss, 507 So.2d 891, 894 (Miss. 1987). In determining whether the trial court properly granted the summary judgment motion, this Court must conduct a de novo review. Newell v. Hinton, 556 So.2d 1037 (Miss. 1990); Allison v. State Farm Fire & Casualty Co., 543 So.2d 661, 663 (Miss. 1989). The law governing the grant or denial of a motion for summary judgment is well established. Newell, 556 So.2d at 1041; Fruchter v. Lynch Oil Co., 522 So.2d 195, 198 (Miss. 1988).
This Court has explained:
The trial court must review carefully all of the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against *106 whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise the motion should be denied.
Issues of facts sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite.
Newell, 556 So.2d at 1041; Dennis v. Searle, 457 So.2d 941, 944 (Miss. 1984).
While the Plaintiffs were not named as the governing entity of the Legion building in the agreement, it is very clear that they have rights in the property. The extent of their rights is, however, unclear. The Plaintiffs were parties to the agreement, and gave the only consideration for the agreement, the dismissal of the pending action. The City and the YMCA could not simply cancel the agreement and ignore them. Therefore, Plaintiffs are entitled to prove the facts which bear on the City's discharge of its duty and on their rights in the property.
Upon the face of the record before us, and having the duty of de novo review, we cannot say that there are no disputed issues of material fact, and we are required to reverse and remand. A motion for summary judgment must be denied where there are still questions remaining regarding material facts. An issue of fact may be present where there is more than one reasonable interpretation that may be given undisputed testimony, where materially differing but nevertheless reasonable inferences may be drawn from the uncontradicted evidentiary facts; or when the purported establishment of the facts has been sufficiently incomplete or inadequate that the trial judge cannot say with reasonable confidence that the full facts of the matter have been disclosed. Dennis v. Searle, 457 So.2d 941, 944 (Miss. 1984).
The burden is on the moving party to establish all of the requisites of his demand for summary judgment. On each element of his claim or defense, he must show, first, that there is no genuine issue of material fact and, second, that he is entitled to judgment as a matter of law. Pargo v. Electric Furnace Co., 498 So.2d 833, 835 (Miss. 1986); Smith v. Sanders, 485 So.2d 1051, 1054 (Miss. 1986); Gray v. Baker, 485 So.2d 306, 308 (Miss. 1986); Brown v. Credit Center, Inc., 444 So.2d 358, 362-63 (Miss. 1983). In cases where there is doubt as to whether there exists a genuine issue of material fact, the trial judge should err on the side of denying the motion and permitting full trial on the merits. Ratliff v. Ratliff, 500 So.2d 981 (Miss. 1986); Brown v. McQuinn, 501 So.2d 1093, 1095 (Miss. 1986); Brown, 444 So.2d at 362. A motion for summary judgment generally should be denied where the record is incomplete regarding any material fact. Smith v. Sanders, 485 So.2d at 1054-55.
Normally, we must remember that the party against whom a motion for summary judgment has been made is one vested with a right of trial by jury by Article 3, § 31 of the Mississippi Constitution of 1890. Brown v. McQuinn, 501 So.2d at 1094; Mississippi Moving & Storage Co. v. Western Electric Co., 498 So.2d 340, 342 (Miss. 1986); Vickers v. First Mississippi National Bank, 458 So.2d 1055, 1061 (Miss. 1984); Brown v. Credit Center, Inc., 444 So.2d at 362. Motions for summary judgment may not be used to determine or decide issues of fact, only to decide whether there are any material fact issues to be tried. Brown, 444 So.2d at 362.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
NOTES
[1] The agreement stated the following:

AGREEMENT
WHEREAS the lease from the City of Ocean Springs to the American Legion Ladnier Post Number 42, which was previously entered into regarding certain property in the City of Ocean Springs, and,
WHEREAS said American Legion has filed a suit in the Chancery Court of Jackson County, Mississippi, asserting the validity of this lease and the invalidity of any action taken or proposed to be taken by the City regarding such building, and the city having responded alleging that its actions are proper and correct and,
WHEREAS it is advantageous to all parties that the controversy be resolved.
NOW THEREFORE it is agreed by and between the American Legion Ladnier Post Number 42, the Ocean Springs Jaycees (sublessees), and the City of Ocean Springs for the mutual benefits derived hereby as follows:
I.
That the lease attached hereto as Exhibit "A" and the sublease attached hereto as Exhibit "B" are hereby voided, canceled, set aside and held for naught.
II.
That the city will allow the building and the immediately surrounding premises to continue to be used as a community house and meeting place under the following terms and conditions:
A. The overall responsibility and governing entity for such use shall be the Ocean Springs YMCA.
B. Prime consideration by the Ocean Springs YMCA shall be shown to the American Legion Ladnier Post Number 42 and the Ocean Springs Jaycees, in that order, as to the scheduling of use of the building.
C. The City shall cause to be spent the minimal amount of money necessary to ensure the building is safe for use by providing:
1. Repair of floor and/or foundation;
2. Placing of electrical wire in conduit and minimum changes to wiring to eliminate the hazard of shock or electrocution;
3. Providing rear exit;
4. Providing panic hardware on all exits and front doors to open outwardly.
It is the intent of the City to correct those building deficiencies found to exist on prior inspections which cause fire or safety hazards to the public use of the premises. It is contemplated that such correction of deficiencies, as aforesaid, shall not exceed the total sum of $3,000.00.
D. The Ocean Springs YMCA shall provide all maintenance for the building and immediately surrounding premises and shall assure that the adjoining premises and the peaceful use thereof shall not be disturbed.
E. That the use of the premises, being in a residential neighborhood, shall never become nuisance nor infringe on the rights of other residents in the area.
F. That the City will go forward with the development of the Marble Springs project and immediately surrounding property and its use shall be for the benefit and for the use of the public, generally.
III.
That the suit presently pending against the City of Ocean Springs will be dismissed by the American Legion.
IV.
That the City will allow the building and the immediate surrounding property to be used under the terms and conditions of this Agreement for the remaining period of the lease between the American Legion and the City of Ocean Springs, that is, until April 12, 1991.
V.
That it is the intent of all parties that the Marble Springs project and facilities shall co-exist with the building and be fully utilized in conjunction with the use of the building and this Agreement.
VI.
That all parties agree that they will not take any action that will in any way jeopardize the construction, development or funding of the Marble Springs restoration project. That this Agreement shall extend to and become binding upon all members of each party and is an inducement for the city to enter into the execution of this Agreement and shall be for the term of the lease between the American Legion Ladnier Post Number 42 and the City of Ocean Springs, to expire on April 12, 1992.
WE, THE UNDERSIGNED, do hereby agree to the above and foregoing on this the 6th day of September, A.D., 1983. [signature of representatives of American Legion Ladnier Post Number 42, Inc., Ocean Springs Jaycees, Ocean Springs YMCA, and the City of Ocean Springs, are omitted] (emphasis added)
[2] The record indicates that the YMCA never commenced operating the building because it was told by the city upon each inquiry that it was not ready yet.