800 So.2d 1218 (2001)
Tommy L. PATRICK, Appellant
v.
B.C. ROGERS POULTRY, INC., Appellee.
No. 2000-CA-00878-COA.
Court of Appeals of Mississippi.
November 20, 2001.
*1219 Dannye L. Hunter, Ridgeland, for Appellant.
Ronald C. Morton, Clinton, for Appellee.
Before KING, P.J., THOMAS, and LEE, JJ.
LEE, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. This case arises from an alleged breach of contract. The appellant, Tommy L. Patrick, was employed by the appellee, B.C. Rogers Poultry, Inc., and suffered an on-the-job injury in 1995. As a result of the injuries, Patrick underwent hip replacement surgery and received workers' compensation benefits. Pursuant to a release between Patrick and B.C. Rogers, Patrick agreed to certain terms of renewed employment, as cited below:
Claimant and his employer have entered into an agreement whereby Claimant will begin work with this employer in the position of dispatcher with an annual salary of $27,000.00 per year, paid biweekly, and benefits which are currently available and for which he qualifies. This position is not guaranteed for any time whatsoever and this Claimant will be an employee-at-will. Claimant's regular work week will consist of 45 hours, but Claimant understands that sometimes he will have to work additional hours.
¶ 2. Patrick cites this passage in support of his claim for tortious breach of contract. Specifically, Patrick claims that since he consistently was forced to work overtime without sufficient break times during the workday, his employer breached the contract which stated that Patrick would be required to work forty-five hours per week, only "sometimes" having to work overtime. B.C. Rogers defends that the release provided that Patrick was an at-will employee, meaning he could be fired for cause, which his personnel records show that he was.[1] Also, B.C. Rogers claims that Patrick has presented no evidence to support the allegations in his complaint, thus failing to raise any genuine issues of material fact. Patrick also argues that the Scott County Circuit Court was the proper court for this case, not the chancery court. As described herein, we find no merit to Patrick's assertions and we affirm the chancellor's order granting summary judgment in favor of B.C. Rogers.

DISCUSSION OF THE ISSUES

I. DID THE CHANCELLOR ERR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF B.C. ROGERS?
¶ 3. We first examine our familiar standard of review with regard to a chancellor's grant of summary judgment.
This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment and examines all the evidentiary matters before it... The evidence must be viewed in the light most favorable to the party against *1220 whom the motion has been made. If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor.
Heigle v. Heigle, 771 So.2d 341 (¶ 8) (Miss. 2000).
¶ 4. Patrick argues that the release clause previously cited is ambiguous and, thus, his matter should not have been dismissed by summary judgment. See American Legion Ladnier Post Number 42, Inc. v. The City of Ocean Springs, 562 So.2d 103, 105 (Miss.1990) ("The general rule is that where a contract is ambiguous and uncertain, questions of fact are presented which are to be resolved by the trier of fact, and the granting of summary judgment is inappropriate."). In concluding that ambiguity exists in his contract, Patrick argues that summary judgment is not the proper disposition of this matter. Patrick claims in his complaint that B.C. Rogers "grossly negligently breach[ed] said contract tortuously [sic] with such gross negligence as to be tantamount to a willful and wanton total disregard of Plaintiff's rights and health, his right to work and support himself, his freedom, and his humanity entitling Plaintiff to recover from Defendant compensatory damages, punitive damages, and his litigation expenses including his court cost and reasonable attorney['s] fees." In support of his claim, Patrick alleges he was forced to work long hours against his will, that he suffered physical, mental and emotional pain and anguish as well as physical illnesses and emotional distress as a result, plus he incurred litigation expenses which he should be allowed to recover from his employer.
¶ 5. In our review of both the record and accompanying documentation, we find that the only evidence Patrick submitted in support of his claim was his contention that he was forced to work more than forty-five hours per week, and his claim that his employer knew of Patrick's frail physical condition and ongoing pain yet forced him to work long hours anyway. No evidence was presented showing exactly how many hours Patrick worked each week, nor were copies of drug bills or doctor reports presented which might support Patrick's claim that he suffered constant pain due to being overworked. In his deposition, Patrick stated that he assumed his supervisors knew of his restrictive employment contract, though he never told them of such restriction nor talked with them about it. Although Patrick claims that he suffered emotional distress as a result of the alleged employer's malicious act of scheduling him more than 45 hours, we are presented no evidence in support of such actions. "Allegations without `detailed and precise facts' will not prevent summary judgment." Herrington v. Leaf River Forest Prod., Inc., 733 So.2d 774(¶ 16) (Miss.1999) (citations omitted).
¶ 6. In addition, Patrick claims that he is entitled to monetary damages for breach due to the mental anguish and emotional upset he was caused. To prove an entitlement to an award, Patrick would need to prove that his employer's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." Morrison v. Means, 680 So.2d 803, 806 (Miss.1996). Patrick provided no medical records, no reports from doctors, nor any other medical testimony whatsoever to show he suffered physical distress due to the alleged breach, which would entitle him to the $100,000 he claims he is owed. The only thing Patrick has attempted to show is he worked more than forty-five hours per week most weeks, and he was in pain during many of *1221 those hours. As the chancellor found, no evidence was submitted to show that B.C. Rogers forced Patrick to work these extra hours in efforts to induce him into quitting his job, nor did B.C. Rogers schedule the extra hours to intentionally inflict pain and suffering on Patrick.
¶ 7. With regard to his fraud claim, Patrick states in his deposition that B.C. Rogers entered into the contract with him fraudulently, since B.C. Rogers never intended to honor the contract. In addition to not providing any evidence which could prove such intent on the part of his employer, Patrick also admits in his deposition that he never told any of his supervisors of his contract, he just "assumed" they knew and were intentionally violating the contract. There is no evidence in the record which supports this theory of fraud.
¶ 8. None of Patrick's contentions show that the chancellor abused his discretion in granting summary judgment. We find no existence of any genuine issues of material fact which would require further consideration. Accordingly, we affirm the chancellor's decision granting summary judgment in favor of the appellee.

II. WAS THE CHANCERY COURT THE PROPER FORUM FOR THIS CAUSE?
¶ 9. As part of his motion for reconsideration and again on appeal to this Court, Patrick has pointed out that, in the interest of judicial economy, his case should have been transferred from chancery court to circuit court, whose docket had not yet filled at the time of his request. Patrick claims that transfer to circuit court was preferable to the alternative of forcing the chancellor to recuse himself, since one of the potential witnesses was the chancellor's stepbrother. We find in the record, though, where Patrick's attorney was told of the potential conflict of interest, yet the attorney told the chancellor that he had no objection to his presiding over this matter. Consequently, Patrick cannot now on appeal raise this issue to which he has already assented. Patrick raises no other argument in support of his request to transfer the case. With no valid reason being submitted, we find that no transfer was necessary then, nor is further consideration of forum necessary at this point, since we have already found that the chancellor did not abuse his discretion in granting summary judgment. No further consideration of this matter is necessary, and we find this second issue is without merit.
¶ 10. THE JUDGMENT OF THE SCOTT COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., THOMAS, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.
BRIDGES, J., not participating.
NOTES
[1] The personnel papers in the record show Patrick was fired for "insubordination" and "job performance."