512 So.2d 905 (1987)
John and Sheila POPE
v.
Ernest L. SCHROEDER, Ronald W. Roberts, John W. Chapman and Thomas C. Anderson.
No. 57128.
Supreme Court of Mississippi.
September 9, 1987.
*906 Paul Kelly Loyacono, Vicksburg, for appellants.
Stanford E. Morse, Jr., White & Morse, Tim C. Holleman, Boyce Holleman, Robert C. Galloway, Galloway & Galloway, Gulfport, and Karl Wiesenburg, Wiesenburg & Reed, Pascagoula, for appellees.
Before HAWKINS, P.J., and DAN M. LEE and ANDERSON, JJ.
DAN M. LEE, Justice, for the Court:
John and Sheila Pope sued Ronald Roberts, John W. Chapman and Ernest Schroeder for damages due to their alleged negligent legal representation of the Popes in a matter before the Workers' Compensation Commission. The Popes sued Thomas C. Anderson for his alleged negligent legal representation of them in a subsequent bankruptcy proceeding. The complaint, filed on July 15, 1982, asked for $200,000 in actual and $100,000 in punitive damages.
On February 7, 1984, the case was passed to the files for failure to pay costs. However, on February 23, 1984, the case was reinstated. After the reinstatement, Roberts, Chapman and Anderson moved for summary judgment. The Popes then moved for summary judgment, also. A hearing on the motions was held on August 22, 1985, during which Schroeder also moved, ore tenus, for summary judgment. The trial judge found for all of the defendants, on grounds that the Popes' problems all stemmed from their attempt to circumvent a legitimate workers' compensation claim, and that the lapses of the attorneys did not cause their liability under the Workers' Compensation Act. Furthermore, the trial judge found that the liability alleged by the Popes was the result of judgments that were void as a matter of law. Therefore, he found no issue of material fact and granted summary judgment to the defendant attorneys as a matter of law.
We affirm as to attorneys Roberts, Chapman and Anderson, but reverse as to Schroeder. The trial court erred in entertaining Schroeder's summary judgment motion because it was not filed at least ten days prior to hearing in compliance with Rule 56(c) M.R.C.P.

I.
John and Sheila Pope were president and vice-president, respectively, of Gulf Coast Fence Company, Inc., a family business. In August 1979, Pope decided to drop his workers' compensation coverage and, theoretically, converted his business to one employing "independent contractors." (Hearing before Administrative Law Judge, not bound with record, testimony of John Pope) Predictably, in November 1979, one of these "independent contractors," John Williams, fell while working on a fence and injured himself.
Williams sought the help of an attorney in bringing an action against Pope before the Commission. Pope went to a firm where Schroeder was an associate, which had represented his father, for legal assistance. The case was assigned to associate Ronald Roberts. Roberts did the initial research on the issue, and he found little factual support in Pope's records to substantiate the independent contractor claim. Nonetheless, Roberts represented Pope before the Administrative Law Judge at the hearing on September 16, 1980. Roberts left the firm at the end of November 1980 to take another job offer.
The ALJ issued his order on December 15, 1980. In it he found that Williams was an employee of Pope who had suffered a compensable injury, and that he was temporarily totally disabled. He ordered Gulf Coast Fence Company to pay Williams $98.00 per week until he reached maximum medical recovery, or for 450 weeks, or until $44,100.00 had been paid, whichever is lesser, plus medical expenses.
A petition for review of the decision was filed on January 9, 1981, and signed by John Chapman. Chapman stated later that he was not responsible for the file, but that he had signed the petition as an accommodation to Ernest Schroeder. However, because the petition was filed outside the twenty-day review period provided by Miss. Code Ann. § 71-3-47 (1972), the Commission denied the petition.
*907 Subsequently, the Popes considered bankruptcy as an alternative to paying the award. Schroeder recommended Anderson and the Popes paid him $650 to file a Chapter 7 bankruptcy petition for the fence company.
Williams later obtained a judgment against the fence company and, later still, a judgment against the Popes personally for $58,635. This amount represented the entire compensation benefit liability of $44,100, plus medical expenses.
These judgments led the Popes to file the present suit.
In the hearing on summary judgment the attorneys' position was that any negligence on their part did not injure the Popes because they could not prove that they would have prevailed, but for their attorneys. Specifically, Chapman and Roberts argued that the failure to file a timely appeal of the ALJ's order did not injure the Popes, since there was no possibility of reversal of the finding that Williams was an employee. Furthermore, they argued, the judgments of $58,635.50 against the corporation and the Popes were void, since only the Commission could accelerate the disability payments into a lump sum amount. Thus, since their actions were not the cause of any damages to the Popes, they asserted their entitlement to summary judgment.
Attorney Anderson argued that he was entitled to summary judgment because the personal liability of the Popes was incurred pursuant to statute, and would have been effective regardless of whether the corporation had filed for bankruptcy or not. The trial court granted summary judgment on these grounds, finding that "The problems already existed as the result of the plaintiffs' failure to comply with the Mississippi Workmen's Compensation Act and the attorneys' efforts simply did no good."

II.
The Popes assign nine errors on appeal. With few exceptions they suggest that there were factual disputes which prohibited entry of summary judgment.
We need not discuss the Popes' other assigned errors, for we find them to be without merit. Summary judgment was proper as to Roberts, Chapman and Anderson, because there was no genuine issue as to whether they would have been successful "but for" the negligence of counsel. Hickox by and through Hickox v. Holleman, 502 So.2d 626, 634 (Miss. 1987). For these reasons we discuss only our disposition of the summary judgment granted Ernest L. Schroeder.
When Mr. Schroeder's attorney began his argument during the summary judgment hearing, counsel for the plaintiffs objected on grounds that he had not filed such a written motion. The trial judge allowed him to continue argument, stating that "he made a Motion Ore Tenus there a while ago." He also allowed Schroeder to adopt the affidavits of the other defendants.
Perhaps recognizing our common practice of allowing co-parties to join motions, the trial court allowed the ore tenus motion, apparently relying on Rule 7(b)(1), M.R.C.P., which requires motions to be in writing, "unless made during a hearing or trial... ."
Rule 56(c) requires, however, that
The motion shall be served at least ten days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages.
(emphasis added)
The Fifth Circuit Court of Appeals has decided similar issues involving the ten-day notice requirement. In Western Fire Insurance Co. v. Copeland, 786 F.2d 649, 562 (5th Cir.1986), the court stated:

*908 Importantly, Rule 56(c) prescribes a ten-day notice period prior to the district court's granting a motion for summary judgment; this Court has noted its strict enforcement of this opportunity to be heard. Hanson v. Polk County Land, Inc., 608 F.2d 129, 131 (5th Cir.1979). "The ten-day notice provision of Rule 56 is not an unimportant technicality, but serves substantial interests of litigants before federal courts." Id. This Court has noted that a party should not "los[e] its case without a full opportunity to be heard." Georgia Southern & Florida Railway Co. v. Atlantic Coast Line Railroad Co., 373 F.2d 493, 497 (5th Cir.), cert. denied, 389 U.S. 851, 88 S.Ct. 69, 19 L.Ed.2d 120 (1967).
That same court has held that in some circumstances procedural error in granting a summary judgment may be harmless. See Norman v. McCotter, 765 F.2d 504, 508 (5th Cir.1985). However, most recently in Copeland, the Fifth Circuit stated "that it `has consistently refused to dispense with the procedural safeguards set forth in [Rule 56(c)].'" 786 F.2d at 653 (citing Hanson v. Polk County Lane, Inc., 608 F.2d 129, 131 (5th Cir.1979). See also, Gutwein v. Roche Laboratories, 739 F.2d 93, 95 (2d Cir.1984) (expressing preference for enforcing ten-day requirement except for "extraordinary cases in which the ten-day notice is impractical, and it is absolutely clear that the non-moving party suffered no prejudice from a shortening of the period") (cited in Copeland, 786 F.2d at 653, n. 4).
We shall not delve too deeply into the record to determine whether the Popes were prejudiced. Summary judgment is not to be a substitute for a trial of disputed fact issues. Shelton v. American Insurance Co., 507 So.2d 894, 896 (Miss. 1987); New Orleans Great Northern R. Co. v. Hathorn, 503 So.2d 1201, 1202 (Miss. 1987); Mississippi Road Supply Co., Inc. v. Zurich-American Insurance Co., 501 So.2d 412, 414 (Miss. 1987); Joseph v. Tennessee Partners, Inc., 501 So.2d 371, 374 (Miss. 1987); Pargo v. Electric Furnace Co., 498 So.2d 833, 835 (Miss. 1986); Mississippi Moving & Storage Co. v. Western Electric Co., Inc., 498 So.2d 340, 342 (Miss. 1986); Gray v. Baker, 485 So.2d 306, 308 (Miss. 1986); Willis v. Mississippi Farm Bureau Mutual Insurance Co., 481 So.2d 256, 252 (Miss. 1985); Smith v. H.C. Bailey Companies, 477 So.2d 224, 234 (Miss. 1985); Vickers v. First Mississippi National Bank, 458 So.2d 1055, 1060 (Miss. 1984); Dennis v. Searle, 457 So.2d 941, 944 (Miss. 1984); Dethlefs v. Beau Maison Development Corp., 458 So.2d 714, 716 (Miss. 1984); Brown v. Credit Card Center, Inc., 444 So.2d 358, 362 (Miss. 1983); See also, Official Comment, Rule 56, M.R.C.P. In keeping with these decisions, we think summary judgment should not be used to snuff out a litigant's right to a trial unless it is appropriate under the rule. The requirements of Rule 56(c), far from being a mere extension of our liberal procedure exhalting substance over form, represent a procedural safeguard to prevent the unjust deprivation of a litigant's constitutional right to a jury trial. Miss. Const., art. 3, § 31 (1890). Thus, we cannot stress too strongly that a trial court should require compliance with Rule 56(c) before entertaining a motion for summary judgment. The failure to do so here was error which requires reversal.
AFFIRMED AS TO DEFENDANTS RONALD W. ROBERTS, JOHN W. CHAPMAN AND THOMAS C. ANDERSON; REVERSED AND REMANDED AS TO DEFENDANT ERNEST L. SCHROEDER.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
GRIFFIN, J., not participating.