649 So.2d 179 (1994)
Paul C. PALMER and Marilyn J. Palmer, Individually and in Their Official Capacity as Heirs and Representatives of the Surviving Heirs of Patricia Leanne Palmer
v.
BILOXI REGIONAL Medical Center, Inc.
No. 91-CA-00727.
Supreme Court of Mississippi.
November 17, 1994.
Rehearing Denied February 16, 1995.
*180 Margaret P. Ellis, Anthony N. Lawrence, III, Kitchens & Ellis, Pascagoula; and Dempsey M. Levi, Levi & Denham, Ocean Springs, for appellant.
Stephen G. Peresich, Page Mannino & Peresich, Biloxi, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and PITTMAN, JJ.
DAN M. LEE, Presiding Justice, for the Court:
These parties previously appeared before this Court in Palmer v. Biloxi Regional Medical Center, Inc., 564 So.2d 1346 (Miss. 1990) (hereinafter Palmer I). At that time, this Court held that the Circuit Court's dismissal of Palmer's negligence action against Biloxi Regional Medical Center (hereinafter BRMC) pursuant to Miss.R.Civ.P. 37 was erroneous. Palmer's second appeal arises from a March 27, 1991, order of the Harrison County Circuit Court granting the Appellee's Motion For Clarification Of Trial Court's Ruling And For Entry Of Summary Judgment Under Miss.R.Civ.P. 56.
Palmer, aggrieved by the trial court's ruling which sustained BRMC's Motion to Clarify its November 18, 1986 Memorandum Opinion, assigns the following errors:
1. IT WAS ERROR FOR THE LOWER COURT TO GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANT, BRMC, WHEN SAID DEFENDANT NEVER EXPRESSLY MOVED FOR SUMMARY JUDGMENT, AND WHEN THE PLAINTIFFS WERE NEVER NOTIFIED OR [SIC] ANY MOTION TO DISMISS BASED ON SUMMARY JUDGMENT OR 12(B)(6)
2. IT WAS ERROR FOR THE LOWER COURT TO GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANT, BRMC, WHEN PLAINTIFFS' EXPERTS WERE ERRONEOUSLY EXCLUDED AND GENUINE ISSUES OF MATERIAL FACT WERE PRESENT
After reviewing the record, briefs and exhibits, we find merit in Palmer's first assignment of error. Accordingly, we reverse the circuit court's belated determination that it intended to grant summary judgment in 1986, and remand this case to the Harrison County Circuit Court for proceedings not inconsistent with this opinion.

FACTS
Once again we are called upon to resolve a conflict between two of the litigants from Palmer I. In Palmer I, we reversed the trial judge's dismissal of Palmer's wrongful death action against BRMC based upon Miss.R.Civ.P. 37[1]. This Court ruled that BRMC could not seek dismissal of Palmer's suit for failure to follow discovery rules when BRMC's conduct demonstrated a lack of "clean hands" in expediting litigation. We stated in our opinion that it appeared that the trial judge treated BRMC's Miss.R.Civ.P. 12(b)(6) motion as a motion for summary judgment[2]. Id. at 1366. Nonetheless, this Court stated the record did not clearly indicate *181 that the trial judge had indeed dismissed Palmer's claim against BRMC under Miss.R.Civ.P. 56. Id. We did not reach the issue of whether dismissal of Palmer's claim against BRMC was warranted under Miss. R.Civ.P. 56. However, we did not rule out action by BRMC to: (1) seek clarification from the trial judge on this matter; (2) file a Rule 56 motion in the future; or (3) request that the 12(b)(6) motion be treated as one for summary judgment under authority of Gray v. Baker, 485 So.2d 306, 307 (Miss. 1986).
This appeal arises from BRMC's October 22, 1990, Motion For Clarification Of Trial Court's Ruling And For Entry Of Summary Judgment Under Rule 56, and subsequent March 27, 1991, Memorandum Opinion in which the trial judge ruled that he granted summary judgment in favor of BRMC in his November 18, 1986, Memorandum Opinion.

STANDARD OF REVIEW
This Court reviews orders granting summary judgment de novo, without deference to the trial court. W.B. Crain v. Cleveland Lodge 1532, Order of Moose, Inc., 641 So.2d 1186 (Miss. 1994); Davis v. Davis, 558 So.2d 814 (Miss. 1990); Huff v. Hobgood, 549 So.2d 951 (Miss. 1989); Short v. Columbus Rubber and Gasket Co., 535 So.2d 61 (Miss. 1988); Pearl River County Board of Supervisors v. Southeast Collections Agency, Inc., 459 So.2d 783 (Miss. 1984).

DISCUSSION
IT WAS ERROR FOR THE LOWER COURT TO GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANT, BRMC, WHEN SAID DEFENDANT NEVER EXPRESSLY MOVED FOR SUMMARY JUDGMENT, AND WHEN THE PLAINTIFFS WERE NEVER NOTIFIED OR ANY MOTION TO DISMISS BASED ON SUMMARY JUDGMENT OR 12(B)(6)

RULE 56 SUMMARY JUDGMENT
We start by saying that our earlier opinion was less than clear and has contributed in large part to today's litigation. In Palmer I, we suggested that BRMC might seek a clarification from the trial court to determine if, in his November 18, 1986, Memorandum Opinion, the trial judge intended to grant summary judgment in BRMC's favor. However, we did not intend that the trial judge should simply rubber stamp his previous actions and rule that he had intended to grant a summary judgment for BRMC in his November 18, 1986, Memorandum Opinion.
Palmer argues that the trial judge could not have granted summary judgment to BRMC because BRMC had not filed a motion for summary judgment and Palmer never received notice of a summary judgment hearing. We agree. Miss.R.Civ.P. 56(c) provides:

The motion shall be served at least ten days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages. (emphasis added).
After reviewing the record, it is evident to this Court that BRMC did not, in 1986, request a summary judgment hearing in the case sub judice and, a fortiori, that no ten day notice was given Palmer as required by Rule 56(c). The following exchange took place at the October 6, 1986, hearing on BRMC's motion to dismiss based on Palmer's discovery violations.
THE COURT: All right. Gentlemen, you were before me on Biloxi Cause Number 1801, Palmer versus Biloxi Regional Medical Center, et al. I understand now I have a motion for summary judgment filed for and on behalf of Biloxi Regional and a motion for summary judgment filed for and on behalf of Dr. Wooten.
MR. DELCAMBRE: No, your Honor. Biloxi Regional's motion was  there's a motion to dismiss for failure to answer discovery which was originally filed in *182 June of this year. And a subsequent motion  I guess really it was an amended motion to strike some discovery filed after that date and to strike a deposition of an expert that was taken, that motion being filed on July the 9th.
THE COURT: Okay. Who wants to go first?
... .
(Rec. Vol. 4, pg. 571) (emphasis added).
Therefore, based on the record, it is without question that BRMC had not filed a motion for summary judgment nor did it contend that it was before the court on a summary judgment hearing. BRMC and Palmer were only before the trial court on BRMC's motion to dismiss for failure to answer discovery and on BRMC's subsequent motion to strike portions of Palmer's discovery and the deposition of an expert offered by Palmer.
This Court was faced with an analogous situation in Pope v. Schroeder, 512 So.2d 905 (Miss. 1987). In Pope, this Court reversed the trial court's grant of summary judgment on an ore tenus motion made by the moving party at a summary judgment hearing for three other defendants. In Pope, the appellants filed a malpractice suit against four attorneys for alleged negligence. Three of the attorneys properly filed for summary judgment and served proper notice upon the Popes. However, Schroeder did not file a motion for summary judgment, a fortiori that Schroeder did not give the Popes ten days notice of his intention to seek summary judgment. At the summary judgment hearing for the other three defendant attorneys, Schroeder made an ore tenus motion without filing a motion for summary judgment. The trial judge entertained Schroeder's ore tenus motion and granted summary judgment. Obviously, the Popes had not been given ten days notice of Schroeder's motion for summary judgment required by Rule 56(c).
On appeal, the Popes alleged that the trial judge committed reversible error by granting Schroeder's ore tenus motion for summary judgment. The Popes argued that they did not receive ten days notice of Schroeder's motion for summary judgment and therefore his ore tenus motion was inappropriate. We found merit in the Popes' argument and reversed the trial judge's grant of summary judgment. In Pope, we stated:
We shall not delve too deeply into the record to determine whether the Popes were prejudiced. Summary judgment is not to be a substitute for a trial of disputed fact issues. (citations omitted) In keeping with these decisions, we think summary judgment should not be used to snuff out a litigant's right to a trial unless it is appropriate under the rule. The requirements of Rule 56(c), far from being a mere extension of our liberal procedure exhalting [sic] substance over form, represents a procedural safeguard to prevent the unjust deprivation of a litigant's constitutional right to a jury trial. Miss.Const., art. 3, § 31 (1890). Thus, we cannot stress too strongly that a trial court should require compliance with Rule 56(c) before entertaining a motion for summary judgment. The failure to do so here was error which requires reversal.
Pope, 512 So.2d at 908.
Mississippi law requires compliance with Rule 56(c). Pope, 512 So.2d at 908. See also Hurst v. Southwest Miss. Legal Services, 610 So.2d 374 (Miss. 1992). Therefore, BRMC's failure to comply with Rule 56(c) requires reversal.

CONVERSION OF 12(b)(6) MOTION TO RULE 56 MOTION
Palmer also argues that if the trial judge, sua sponte, converted BRMC's Rule 12(b)(6) motion to one for summary judgment without giving Palmer notice, this Court must reverse the trial judge's grant of summary judgment. We agree. If the trial judge intended to convert BRMC's October 18, 1983, motion for judgment on the pleadings to a motion for summary judgment, sua sponte, he failed to give Palmer ten days notice as required by Rule 56(c).
Whenever a motion to dismiss under Rule 12(b)(6) is converted into a motion for summary judgment, the requirements of Rule 56 become operable. It is important that the court give the parties notice of the changed status of the motion and a "reasonable opportunity *183 to present all material made pertinent to such a motion by Rule 56." 5A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1366 at 501.
Rule 12(b), like 12(c), provides that the parties must follow Rule 56. Miss.R.Civ.P. 12(b) provides in part:
If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56; ...
There is no reason to distinguish between the requirements of affording the non-moving party ten days notice to file opposing affidavits and materials when a Rule 12(c) motion has been converted to a Rule 56 motion for summary judgment as opposed to when the trial judge has, sua sponte, converted a Rule 12(b)(6) motion to a Rule 56 motion for summary judgment. Accordingly, before this Court can determine on appellate review if the non-moving party has had a reasonable time in which to file documentation in opposition to a Rule 12(b)(6) motion that has been converted to a Rule 56 motion for summary judgment, we must determine if the non-moving party has been afforded ten days notice of the court's intention to conduct a summary judgment hearing on a date certain.
It is within the judge's discretion to decide whether to consider matters outside the pleadings that are presented to the court. Miss.R.Civ.P. 12(b); Walton v. Bourgeois, 512 So.2d 698 (Miss. 1987); see also Gray v. Baker, 485 So.2d 306 (Miss. 1986). If the judge considers matters outside the pleadings, Rule 12(b) requires that the judge comply with the requirements of Rule 56. Carter v. Stanton, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569, 572 (1972), vacated on other grounds, sub nom. Samkowski v. Carter, 416 U.S. 918, 94 S.Ct. 1916, 40 L.Ed.2d 276 (1974). Rule 56(c) states, in part, that a "motion [for summary judgment] shall be served at least ten days before the time fixed for the hearing." Therefore, the trial court must give the parties ten days notice that it is converting the moving party's motion to dismiss on the pleadings into a motion for summary judgment. Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir.1985). Once the notice required by Rules 12(b) and 56 has been given, the trial court may then properly consider it as a converted motion for summary judgment along with any materials in support of or in opposition to the motion as of a certain day. Griffith, 772 F.2d at 825. Cf. Cunningham v. Lanier, 555 So.2d 685 (Miss. 1989).
The notice and hearing requirements of Rule 56 are applicable to this case under Rule 12(b). Cf. Cunningham v. Lanier, 555 So.2d 685 (Miss. 1989). In the case sub judice, the trial judge's March 27, 1991, Memorandum Opinion indicates that it was the trial court's intention in 1986 to convert BRMC's Rule 12(b)(6) motion to a Rule 56 motion for summary judgment pursuant to Gray v. Baker, 485 So.2d 306 (Miss. 1986).
The Eleventh Circuit has consistently enforced the strict notice requirements of Rule 12(b) and 56, creating a bright-line rule: If a trial court fails to comply with the ten-day notice requirement, the case will be reversed and remanded so that the trial court may provide the non-moving party with adequate notice. Jones v. Automobile Ins. Co. of Hartford, Conn, 917 F.2d 1528, 1532 (11th Cir.1990). Whenever a trial judge converts a 12(b)(6) motion to dismiss into one for summary judgment by considering matters outside of the pleadings the judge must give all parties ten days notice that he is converting the motion. Jones, 917 F.2d at 1532 quoting Property Management & Investments, Inc. v. Lewis, 752 F.2d 599, 606 (11th Cir.1985) (emphasis added).
The Eleventh Circuit's strict enforcement of the notice requirements of Rule 12(b) and Rule 56 is consistent with our constitution and our case law. See Miss. Const., Art. 3, § 31 (1890); Hurst v. Southwest Miss. Legal Services, 610 So.2d 374 (Miss. 1992); Cunningham v. Lanier, 555 So.2d 685 (Miss. 1989); Pope v. Schroeder, 512 So.2d 905 (Miss. 1987). Considerations underlying the ten-day notice requirement of Rule 56 make *184 it clear why this notice requirement is enforced so strictly. A successful summary judgment motion results in a final adjudication of the merits of a case. Donald v. Reeves Transport Co., 538 So.2d 1191, 1196 (Miss. 1989); Jones, 917 F.2d at 1533. Therefore, it is an absolute necessity that the trial court inform the parties of its intent to convert a Rule 12(b)(6) motion to a Rule 56 motion for summary judgment, and give the parties the opportunity to submit materials in opposition to the motion. Id. The requirements of Rule 56(c), far from being a mere extension of our liberal procedure exalting substance over form, represents a procedural safeguard to prevent the unjust deprivation of a litigant's constitutional right to a jury trial. Miss. Const., Art. 3, § 31 (1890). Pope, 512 So.2d at 908.

CONCLUSION
Because we find that the appellants did not receive notice of a summary judgment hearing prior to the trial judge's November 18, 1986, Memorandum Opinion, we reverse the trial judge's March 27, 1991, determination that he granted BRMC's request for summary judgment in his November 18, 1986, Memorandum Opinion. Accordingly, we reverse and remand this case to the Harrison County Circuit Court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS and SMITH, JJ., concur.
McRAE, J., not participating.
NOTES
[1] For a detailed discussion of the facts underlying the Palmer's wrongful death action see Palmer v. Biloxi Regional Medical Center, Inc., 564 So.2d 1346 (Miss. 1990).
[2] BRMC filed its motion to dismiss under Miss. R.Civ.P. 12(b)(6) on October 18, 1983, and then never set the motion for hearing.