ROBERTS, J.,
Concurring in Part, Dissenting in Part.
¶ 24. Although I agree with the majority’s conclusion regarding the statute of limitations of the heirs’ causes of action, I cannot concur with the majority’s determination of the appropriateness of the trial court’s actions in regard to the defendants’ converted motion for summary judgment. Therefore, I must respectfully dissent.
¶ 25. Before delving into the substantive issues of this case, I feel it necessary to note that if we reverse the trial court’s ruling on the statute of limitations issue, which the majority and I agree should be done, the determination of whether summary judgment was appropriate is moot in regard to the Tullos defendants. While the trial court’s memorandum opinion dismissed all defendants on the ground of a lapse of the applicable statute of limitations, it alternatively granted summary judgment in favor of only the Pittman defendants. Specifically, the trial court concluded its analysis of the applicability of summary judgment by stating, “[t]hus, even if the claims against the Pittman defendants in this action were not time-barred, the Court would nonetheless be compelled to grant their motion for swm-manj judgment.” (Emphasis added). However, the majority seems to affirm the grant of summary judgment for all defen *8 dants. Therefore, regardless of the outcome of the remaining issues, the trial court’s grant of summary judgment should only be affirmed, if at all, in favor of the Pittman defendants.
I. WHETHER THE TRIAL COURT ABIDED BY MISSISSIPPI RULES OF CIVIL PROCEDURE 12 AND 56.
¶ 26. The issue that must be addressed in the case at hand is whether the trial court acted in accordance with the laws of this state upon converting the defendants’ motion to dismiss into a motion for summary judgment. I contend that the precedent established by the supreme court was not followed. Thus, we must vacate the trial court’s holding and remand the heirs’ case.
¶ 27. First, conversion of the defendants’ motion to dismiss a motion for summary judgment was not proper. Mississippi Rule of Civil Procedure 12(b) provides in part:
If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56....
However, if a plaintiff relied on the accompanying exhibits in forming their complaint, they should not be considered “matters outside the pleadings,” and the motion should not be treated as a request for summary judgment. Vinson v. Prather, 879 So.2d 1053, 1056(1111) (Miss.Ct.App.2004). In the case at hand, two exhibits were admitted into evidence without objection during the hearing: a copy of the appraisal presumptively setting the value of the land at $500 an acre and a copy of the checks issued on Tullos’s personal account used to purchase the land. Both of the exhibits were obviously contemplated by the heirs in the formation of the complaint. Therefore, the trial court should not have converted the motion, and the majority’s reversal of the trial court’s ruling on the issue regarding the statute of limitations should decide this case.
¶ 28. Second, assuming the conversion was appropriate, the trial court’s holding still cannot stand. The supreme court has stated:
[Bjefore this Court can determine on appellate review if the non-moving party has had a reasonable time in which to file documentation in opposition to a Rule 12(b)(6) motion that has been converted to a Rule 56 motion for summary judgment, we must determine if the non-moving party has been afforded ten daysf] notice of the court’s intention to conduct a summary judgment hearing on a date certain.
Palmer v. Biloxi Reg’l Med. Ctr., 649 So.2d 179, 183 (Miss.1994) (emphasis added). Additionally, the Palmer court stated:
It is within the judge’s discretion to decide whether to consider matters outside the pleadings that are presented to the court. Miss. R. Civ. P. 12(b). If the judge considers matters outside the pleadings, Rule 12(b) requires that the judge comply with the requirements of Rule 56. Rule 56(c) states, in part, that a “motion [for summary judgment] shall be served at least ten days before the time fixed for the hearing.” Therefore, the trial court must give the parties ten days[’] notice that it is converting the moving party’s motion to dismiss on the pleadings into a motion for summary judgment. Once the notice required by *9 Rules 12(b) and 56 has been given, the trial court may then properly consider it as a converted motion for summary judgment along with any materials in support of or in opposition to the motion as of a certain day.
Id. (internal citations omitted).
¶ 29. The mandate of Palmer was subsequently relied upon in Jones v. Regency Toyota, Inc., 798 So.2d 474 (Miss.2001), a case that is procedurally similar to the situation we face here. In Jones, Regency Toyota filed a motion to dismiss Jones’s claim, and it also filed an itemization of facts and an affidavit in support of its motion. Id. at 475(¶ 2). In response, Jones filed her pleading, an affidavit, and supporting exhibits “asserting that [Regency Toyota] had converted its motion to dismiss to a motion for summary judgment by utilizing matters outside the complaint.” Id. At the hearing on Regency Toyota’s motion to dismiss, the trial court stated that it would convert the motion to a motion for summary judgment and announced that the converted motion for summary judgment was well taken. Id. Jones appealed asserting that she was not given the ten-day notice of the summary judgment hearing as required by Mississippi Rule of Civil Procedure 56. Id. at 475-76(¶ 6). The supreme court stated: “While the conversion was proper, the trial court failed to contimie the hearing in order to allow Jones the opportunity to present any evidentiary material she felt pertinent to survive the Rule 56 motion.” Id. at 476(¶ 6) (emphasis added). Additionally, the supreme court concluded its analysis by stating:
Regardless of how baseless Jones’fs] claim appeared to the trial court, our rules require that she be given 10 days’ notice once a motion to dismiss is converted to a motion for summary judgment. For this reason alone, we must vacate the judgment of the Hinds County Circuit Court and remand this case for further proceedings consistent with this opinion.
Id. at 476(¶ 9).
¶ 30. In the case at hand, the heirs filed their complaint on April 8, 2005. Service was accomplished shortly thereafter. The heirs then filed discovery requests, and the defendants simultaneously filed motions to dismiss in May 2005. Despite subsequent motions to compel that were still pending and unheard by the trial court, the heirs’ interrogatories and requests for production of documents were never answered. Additionally, the defendants never answered the compliant. No depositions were taken. No pertinent affidavits were presented. No discovery was accomplished at all. Nevertheless, the heirs responded to the defendants’ motion to dismiss on November 3, 2006, the day of the hearing.
¶ 31. At the hearing, the defendants’ motion to dismiss was the only motion considered by the trial court. Although the motion to dismiss contained additional argument, the primary focus of the motion centered around the expiration of the statute of limitations. Both the heirs and the defendants each submitted an exhibit, without objection, for the trial court to consider. The trial court informed the heirs that he would consider the parties’ exhibits and treat the defendants’ motion to dismiss as a motion for summary judgment. At this point, before continuing with a hearing on the converted motion for summary judgment, the trial court was required to give the heirs at least ten days’ notice of the hearing. However, this did not occur. Therefore, we must vacate the trial court’s holding and remand this case to give the heirs the opportunity to take advantage of the procedural safeguards in *10 place for situations such as these as directed by Rule 56, Palmer, and Jones.
¶ 32. Additionally, it is clear from the record that while the hems propounded their first set of interrogatories and requests for production of documents, the defendants, because they awaited the outcome of their motion to dismiss, neither responded to these requests for discovery nor filed an answer in this ease. The supreme court has made it abundantly clear that the trial court must abide by the dictates of Rule 56 when a motion to dismiss is converted into a motion for summary judgment. The reasoning behind strict compliance stems from the finality and harshness of a successful motion for summary judgment. Palmer, 649 So.2d at 184. To throw aside the heirs’ right to notice and make a final adjudication of their cause of action based upon a bare record, devoid of any discovery or even an answer from the defendants, flies in the face of Rule 56 and the heirs’ constitutional rights.[8] It is an outcome that, in the interests of justice, this Court cannot allow.
II. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT.
¶ 33. Notwithstanding the fact that the heirs were not given the required ten days’ notice prior to the hearing on the defendants’ converted motion for summary judgment, I contend that summary judgment was not proper. When reviewing a trial court’s grant or denial of summary judgment, this Court must employ the de novo standard. Franklin County Mem,’l Hosp. v. Miss. Farm Bureau Mut. Ins. Co., 975 So.2d 872, 874(¶ 11) (Miss.2008). As such, we are required to determine “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). The trial court, and the appellate courts, must view such evidence “in the light most favorable to the non-moving party.” Grisham v. John Q. Long V.F.W. Post, No. 4057, Inc., 519 So.2d 413, 415 (Miss.1988). In any event, summary judgment should only be granted with great caution, and only after an adequate time for discovery has been allowed. Evan Johnson & Sons Constr., Inc. v. State of Mississippi, 877 So.2d 360, 365(¶ 17) (Miss.2004).
¶ 34. The trial court dismissed all defendants based upon the perceived lapse of the statute of limitations, but additionally the court granted summary judgment as another ground for dismissing the Pittman defendants. In the case at hand, there were no depositions, answers to interrogatories, admissions, and only one affidavit on file for the trial court to consider in addition to the heirs’ complaint and the exhibits submitted in connection with the defendants’ motion to dismiss.[9] Additionally, the heirs mailed a letter (Jennings letter) to the trial court and other parties indicating that a witness identified as Mr. Jennings was prepared to testify that he would have paid more for the property than Pittman, but Tullos informed him *11 that bids were no longer being taken. Therefore, when considering the motion for summary judgment the trial court only had, and this Court on appeal only has, the hems’ complaint that has yet to be denied, cancelled checks from Tullos’s regular account paying for the land, an appraisal of the land, and the Jennings letter.
¶ 35. In finding summary judgment appropriate for the Pittman defendants, the trial court stated, “there is only an allegation that Pittman agreed to purchase, for $750 per acre, 420 acres of land (which had been appraised by an independent appraiser as being worth only $500 per acre), and that he conveyed the land to Tullos approximately 20 months later.” (footnote omitted) (emphasis added). However, the combination of a complete lack of an opportunity for discovery and the absence of an answer by the defendants precludes such a finding. In the complaint, the heirs alleged that Tullos effectuated the sale of the land through the employ of fraud with the ultimate intention of acquiring the property for himself at a lower-than-market-value cost. Additionally, the complaint alleged that the Pittman defendants “knew or should have known that they were being used as ‘straw men’ to purchase the 420 acres on behalf of the Tullos defendants at a price substantially lower than would have been received if bids and/or a private sale had been solicited on said property.” Although the proof in the record supporting the heirs’ allegation is circumstantial, incredibly, they have not been given an opportunity to further populate the record. It is without reason to say that such an allegation, without an opportunity to conduct discovery or even a denial by Pittman, is deserving of summary judgment.
CONCLUSION
¶ 36. It is my opinion that the trial court judge erred when he converted the defendants’ motion to dismiss to one for summary judgment when motions to compel discovery were pending, no depositions had been taken, no answers to interrogatories made, no responses to requests for production of documents made, no pertinent affidavits filed, and, most importantly, no denial by the defendants of the allegations made by the heirs in their complaint. Certainly, assuming the conversion was appropriate, the trial court judge erred by not complying with Rule 56 by giving the heirs ten days’ notice of a date certain for the summary judgment hearing or allowing an adequate time for discovery. Additionally, the trial court judge erred when he granted summary judgment as to the Pittman defendants and concluded beyond a reasonable doubt that no genuine issues of material fact existed. Rule 56 allows summary judgment only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. The only pleading the trial court judge had was the unanswered complaint, which alleged numerous causes of action against the defendants, copies of cancelled checks drawn on Tullos’s personal account, a real estate appraisal, and a statement from counsel that a live witness was available to dispute the fair market value of the real estate.
¶ 37. Under such circumstances, it is certainly premature to adjudicate the merits of the case on summary judgment. It is without a doubt that a genuine issue of material fact existed regarding the true fair market value of the land; such issue being material to the plaintiffs claim of monetary damages arising from Tullos’s alleged fraudulent self-dealing and Pittman’s alleged assistance. I would reverse the trial court’s grant of summary judgment and remand this case for the trial *12 court to set a time for the defendants to file their answer and allow the case to proceed.
GRIFFIS, BARNES AND CARLTON, JJ., JOIN THIS SEPARATE OPINION.

. "The requirements of Rule 56(c), far from being a mere extension of our liberal procedure exalting substance over form, represents a procedural safeguard to prevent the unjust deprivation of a litigant's constitutional right to a jury trial.” Palmer, 649 So.2d at 184.

. The only affidavit in the record is from Donald Boone, one of the original defendants. Boone was dismissed by the trial court prior to the hearing on the motion to dismiss, and his affidavit provides nothing of import in this appeal and was totally irrelevant to the issues before the trial court.