IN THE SUPREME COURT OF MISSISSIPPI

NO. 2009-CA-02021-SCT

*DELTA MK, LLC*

*v.*

*MISSISSIPPI TRANSPORTATION COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/2009 |
| TRIAL JUDGE: | HON. KENT MCDANIEL |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY SPECIAL COURT OF EMINENT DOMAIN |
| ATTORNEYS FOR APPELLANT: | LAURA HENDERSON-COURTNEY DAVID RINGER |
| ATTORNEYS FOR APPELLEE: | CHRISTOPHER H. COLEMAN JIM WARREN |
| NATURE OF THE CASE: | CIVIL - EMINENT DOMAIN |
| DISPOSITION: | REVERSED AND REMANDED - 04/07/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., LAMAR AND CHANDLER, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     Delta MK, the owner of a service station along Highway 49, brought suit against the

Mississippi Transportation Commission (MTC), claiming that the Commission's decision

to close two medians across Highway 49 had greatly diminished its business. MTC filed a

motion to dismiss, and the trial judge considered matters outside the pleadings when he ruled

in its favor. Finding that the trial judge erred when he converted MTC's motion to dismiss

into a motion for summary judgment without giving Delta notice, we reverse and remand.

**FACTS AND PROCEDURAL HISTORY**

¶2. On June 14, 2005, Delta MK, LLC – owner of a service station along Highway 49 South in Richland – filed suit in the Rankin County Chancery Court against the Mississippi Department of Transportation (MDOT) and the Mississippi Transportation Commission. Delta alleged that construction along Highway 49 had "prevent[ed] the free ingress and egress to and from [its] premises and otherwise interfer[ed] with [its] property rights . . . thereby prohibiting the reasonable and necessary use of the property . . . . " Specifically, Delta alleged that the closure of two medians[1] across Highway 49 had greatly reduced access to its property, forcing potential customers to drive past the store on Highway 49, and then to drive in the opposite direction on the frontage road to access it.

¶3. The defendants filed a motion to dismiss, and, after several other motions were filed, the parties agreed to transfer the case to the Rankin County Circuit Court. The parties also agreed that Delta would be allowed to file an amended complaint that officially stated "inverse condemnation"[2] as a cause of action. Delta filed its amended complaint, naming the

---

[1] The median closures were part of a highway construction project known as "Stack Phase III." MTC concluded that the median closures were necessary because of safety and traffic flow concerns.

[2] This Court discussed "inverse condemnation" in *Jackson Municipal Airport Authority v. Wright*, 232 So. 2d 709 (Miss. 1970):

In many jurisdictions, "inverse condemnation," or a proceeding in the nature thereof, is a remedy available to one whose land has been taken for public use. "Inverse [condemnation]" has been characterized as an action or eminent domain proceeding initiated by the property owner, rather than the condemnor, and has been deemed to be available where private property has been actually taken for public use without formal condemnation proceedings and where it appears that there is no intention or willingness of the taker to bring such proceedings.

2

Mississippi Transportation Commission as the only defendant. Delta's amended complaint requested an order from the trial court "requiring [MTC] to condemn the property rights and access rights being destroyed by the [construction] project, pursuant to Miss. Code Ann. § 11-27-1, *et seq*," or alternatively, an assessment of actual and nominal damages for a taking without just compensation.

¶4. MTC answered the amended complaint, arguing that Delta had failed to state a claim upon which relief could be granted. After the parties had engaged in discovery for several months, MTC filed a motion for summary judgment. The trial judge entered an agreed scheduling order mandating that all fact discovery, including depositions of all fact witnesses, be completed by December 28, 2007. Delta subsequently filed a motion to hold MTC's motion for summary judgment in abeyance, stating that "[w]ithout completion of discovery, [it was] in no position to respond" to MTC's motion for summary judgment. Although we found no order in the record granting Delta's request, the trial court apparently did hold MTC's motion in abeyance, as several subsequent scheduling orders stated that "Summary Judgment Motions, including the currently pending Motion, are to be heard no later than 60 days prior to trial."

¶5. Delta filed a second amended complaint on October 8, 2008, adding claims that MTC had violated its due process and its civil rights. In response, MTC filed a motion to dismiss, which is the subject of this appeal. MTC argued that no compensable taking had occurred, because the closure of the medians was a proper exercise of its police power, and that the affected section of Highway 49 was a "controlled access facility," with no right of ingress

*Id.* at 713.

3

or egress. MTC attached to its motion four exhibits: Delta's second amended complaint, a 1964 order from the State Highway Commission,[3] an MDOT maintenance rule, and the deposition of an MTC employee.

¶6. The parties filed a joint motion to stay all expert discovery pending a ruling on MTC's motion to dismiss, which the trial judge granted. Delta subsequently filed its response to MTC's motion to dismiss,[4] arguing that the sole issue before the court was whether it had stated a claim upon which relief could be granted, and that it clearly had done so. Delta also attached to its response several exhibits, including deposition excerpts, maps/charts, and newspaper clippings. Delta concluded its response by stating:

> For the above reasons, [Delta] respectfully submits that [MTC] is not entitled to a dismissal in this case pursuant to Rule 12(b)(6). Alternatively, if this Court regards [MTC's] Motion to Dismiss as one which should have been filed under Rule 56, as a Motion for Summary Judgment, [Delta] would *respectfully request an opportunity to supplement its response to provide additional affidavits and deposition excerpts to the Court.* Additionally, if this Court regards [MTC's] motion as one for summary judgment, instead of a motion for dismissal pursuant to Rule 12(b)(6), [Delta] would *respectfully request leave to complete expert discovery and depositions in this case, prior to the court ruling on [MTC's] motion.*

(Emphasis added.)

¶7. The parties appeared before the circuit judge for a hearing on MTC's motion to dismiss. At the hearing, the circuit judge expressed concern that the case was not in the proper court and *sua sponte* transferred the case to the Rankin County Special Court of

---

[3] This order, according to MTC, clearly designates the relevant portion of Highway 49 a "controlled-access facility."

[4] MTC filed a motion to strike Delta's response because it was untimely. Delta filed a response, and MTC filed a rebuttal. But we find no order in the record granting MTC's motion to strike, and it is not an issue on appeal.

4

Eminent Domain. On September 21, 2009, the parties appeared before the special court judge for a hearing on MTC's motion to dismiss. Although both parties referred to matters outside the second amended complaint, counsel for Delta requested on several occasions that the trial judge restrict his deliberations to the allegations in the second amended complaint.

¶8. The special court judge issued a memorandum opinion granting MTC's motion to dismiss as to the inverse-condemnation claim and dismissing Delta's due-process and civil-rights claims without prejudice (citing lack of jurisdiction). In his opinion, the judge noted that he had considered matters outside the pleadings, stating: "Following arguments of counsel, the Court took the matter under advisement in order to review the voluminous pleadings, discovery documents, documents used by counsel at the hearing, and the competing pleadings on the Motion to Dismiss."[5]

¶9. The judge found particularly persuasive the 1964 Order from the State Highway Commission which designated the relevant portion of Highway 49 a "controlled access facility" and mandated that no right of ingress or egress existed, unless specifically permitted by the Commission. Specifically, the judge found that:

> [T]his is **not** an eminent domain case nor a cause of inverse condemnation, traditional or otherwise. Whether there may remain some compensable wrong done to [Delta] after the eminent domain portions of this case are dismissed is a matter perhaps available to [Delta] in another court on another day. Based upon the Conclusions of Law which this Court believes it is bound to follow . . . this case may proceed no further under eminent domain law.

Finally, the judge noted:

---

[5] Although the trial judge stated in his order that he had reviewed much outside material, at the hearing on Delta's motion to reconsider, he stated that he "[c]learly granted the motion to dismiss and did it strictly on the basis of the 1964 [O]rder."

> In the event a reviewing court should determine that the Court's consideration of items other than [Delta's] pleadings, *e.g.* the May, 1964 Order supplied in [MTC's] pleadings, has somehow transformed this into a Summary Judgment, the Court has provided that case law and more detailed factual findings above to make clear that it finds Summary Judgment is also proper in this case.

The trial judge subsequently issued a final judgment which officially dismissed Delta's inverse-condemnation claim with prejudice and dismissed its due-process and civil-rights claims without prejudice. The judge again noted that MTC was entitled to summary judgment under Rule 56 as well.

¶10. Delta filed a motion to reconsider, arguing that the trial judge did not give it notice at any time before the September 21 hearing that he was converting MTC's motion to dismiss into a summary-judgment motion. Delta requested "an opportunity to supplement the record to present additional evidentiary material that would show that there are genuine issues of material fact that preclude summary judgment" in the case. Specifically, Delta requested that it be allowed to supplement the record with several depositions that "clearly show[ed] that there [were] genuine issues of material fact as to whether the type and classification of that portion of U.S. Highway 49 at issue in this case was changed when [MTC] undertook to close access points that were previously available for use by the public." MTC responded to the motion, arguing that Delta should be estopped from making its notice argument, because it had attached matters outside the pleadings to its response to MTC's motion to dismiss, as well as presented them to the judge at the September 21 hearing. The trial judge denied Delta's motion to reconsider after a hearing.

¶11. On appeal, Delta argues that the trial judge erred when he: (1) considered matters outside the Second Amended Complaint in ruling on MTC's motion to dismiss; (2) found

6

that the allegations of the Second Amended Complaint failed to state a claim upon which relief could be granted; and (3) failed to transfer its remaining due-process and civil-rights claims to the circuit court for further consideration. We find that, although the trial judge did not err when he considered matters outside the pleadings presented to him by the parties, he did err when he failed to give Delta reasonable time to submit additional evidence, making issue two moot. We also find that the trial judge did not abuse his discretion when he dismissed Delta's due-process and civil-rights claims without prejudice.

**I.** *Whether the trial judge erred when he considered matters outside the pleadings when ruling on MTC's motion to dismiss.*

¶12. Although Delta argues that the trial judge erred when he considered matters outside the pleadings in ruling on MTC's motion to dismiss, the crux of its argument is that he erred when he failed to give it notice that he was doing so. Delta argues that "the fact that the lower court considered documents outside of the Complaint in ruling on the Rule 12(b)(6) motion, without giving notice to [it], or allowing [it] an opportunity to supplement the record with additional affidavits and depositions" was error. Relying on this Court's decision in *Sennett v. United States Fidelity and Guaranty Co.*, 757 So. 2d 206 (Miss. 2000), MTC argues that the trial court's consideration of certain outside matters did not transform the motion to dismiss into a motion for summary judgment. MTC also argues that Delta's notice argument should fail, because it participated in presenting outside matters to the trial judge, and it is "inconceivable" to think that the trial judge's consideration of those matters took Delta by surprise.

¶13.   This Court conducts a de novo review of the grant of a motion to dismiss for failure to state a claim. *State v. Bayer Corp.*, 32 So. 3d 496, 501 (Miss. 2010). Rule 12 of the Mississippi Rules of Civil Procedure governs motions to dismiss and states, in pertinent part:

> If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, *matters outside the pleading are presented to and not excluded by the court*, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and *all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56 . . . .*

Miss. R. Civ. P. 12(b) (emphasis added). In *Palmer v. Biloxi Regional Medical Center*, 649 So. 2d 179 (Miss. 1994), this Court stated:

> Whenever a motion to dismiss under Rule 12(b)(6) is converted into a motion for summary judgment, the requirements of Rule 56 become operable. It is important that the court give the parties notice of the changed status of the motion and a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56" . . . . Accordingly, before this Court can determine on appellate review if the non-moving party has had a reasonable time in which to file documentation in opposition to a Rule 12(b)(6) motion that has been converted to a Rule 56 motion for summary judgment, we must determine if the non-moving party has been afforded ten days notice of the court's intention to conduct a summary judgment hearing on a date certain.

*Id.* at 182-83 (citation omitted). Whenever a trial judge converts a Rule 12(b)(6) motion to dismiss into one for summary judgment by considering matters outside the pleadings, the judge *must* give all parties ten days' notice that he is converting the motion. *Id.* at 183 (citation omitted). "*Regardless of how baseless [a plaintiff's] claim [appears] to the trial court*, our rules require that she be given 10 days' notice once a motion to dismiss is converted into a motion for summary judgment." *Jones v. Regency Toyota, Inc.*, 798 So. 2d 474, 476 (Miss. 2001) (emphasis added).

¶14.    Based on the authority above, we find that the trial judge erred when he accepted matters outside the pleadings and granted MTC's motion to dismiss without giving Delta a reasonable opportunity to offer additional evidence.  Delta specifically requested in its response to MTC's motion to dismiss that, if the trial court regarded MTC's motion to dismiss as a motion for summary judgment, it be given an opportunity to supplement its response with additional affidavits and depositions.  Delta also specifically requested leave to complete expert discovery and depositions in the case.  And at the hearing on MTC's motion to dismiss, counsel for Delta specifically requested that the trial judge "confine [his] deliberations to the allegations of the complaint."  So, because matters outside the pleadings were "presented to" the trial judge and not "excluded by" him, he should have treated MTC's motion to dismiss as a motion for summary judgment and granted Delta the leave it requested to present additional evidence.

¶15.    MTC argues that, based on this Court's decision in *Sennett*, 757 So. 2d 206, the trial judge properly could have considered certain outside matters without converting its motion into a motion for summary judgment.  In *Sennett*, this Court held that the trial judge's review of an insurance contract attached to the defendant's motion to dismiss did not necessitate converting the motion into a summary-judgment motion.  *Id.* at 214.  The Court reached that conclusion because "the exhibit relied upon was specifically referred to" in the plaintiff's complaint, was "central and necessary" to the plaintiff's cause of action, and "directly

9

refuted" the complaint's assertions. *Id.* MTC argues that the trial judge properly considered the 1964 Order,[6] because Delta "referred to and relied on" it to frame its complaint.

¶16.    But in *State v. Bayer Corp.*, 32 So. 3d 496 (Miss. 2010), this Court clearly retreated from the rule announced in *Sennett*, a fact that MTC concedes in its brief. Although we did not *directly* overrule it, this Court noted *Sennett* and then clearly stated that it was returning to the absolute language of Rule 12(b): "However, rather than adhering to the reasoning in *Sennett*, this Court has affirmed its allegiance to the rule limiting review of a Rule 12(b)(6) motion to the face of the complaint." *Bayer*, 32 So. 3d at 503. The *Bayer* Court noted two recent cases[7] in which this Court had clearly held that the consideration of any outside matter converts a motion to dismiss into a motion for summary judgment. *Id.* The *Bayer* Court concluded by stating that "[t]his Court's recent interpretation of Rule 12(b)(6) . . . and a plain reading of Rule 12(b) establish [the trial judge's consideration of outside matters] as error." *Id.* at 504.

¶17.    MTC also argues that, because Delta presented matters outside the pleadings to the trial judge, it is "inconceivable" to think that Delta was taken by surprise when the trial judge converted the motion into a summary-judgment motion. In other words, because the purpose of the notice requirement is to avoid "taking a party by surprise," no notice was required here, as Delta was aware that the judge might consider outside matters. But MTC cites no

---

[6] MTC makes much of the fact that the trial judge indicated that the 1964 Commission Order was the sole basis for his decision. But we note that MTC makes no effort to explain how all of the other outside matters presented to the trial judge fit into the *Sennett* exception.

[7] *Sullivan v. Tullos*, 19 So. 3d 1271 (Miss. 2009); *Wilbourn v. Equitable Life Assurance Society*, 998 So. 2d 430 (Miss. 2008).

10

binding authority for this proposition, and we find that the plain language of Rule 12(b) contradicts its argument. Rule 12(b) states that "if . . . matters outside the pleading are presented to and not excluded by the court," then conversion to a Rule 56 motion and a reasonable opportunity to supplement are **required**. Miss. R. Civ. P. 12(b), 56. The rule's requirements are not triggered by *which party* submits the outside matters, nor does it contain any estoppel or actual-notice language. So we find that, although the trial judge did not err when he considered the outside matters presented to him, he did err when he did not explicitly convert the motion into a motion for summary judgment and give Delta a reasonable opportunity to present all pertinent material.

## II. *Whether the trial judge erred when he dismissed Delta's remaining two claims without prejudice.*

¶18. Delta argues that the trial judge should have "retained jurisdiction" over its due-process and civil-rights claims, citing *McDonald's Corp. v. Robinson Industries, Inc.*, 592 So. 2d 927 (Miss. 1991). Further, Delta argues that if jurisdiction was not proper in the special court, the trial judge should have transferred the case to a court of proper jurisdiction, instead of dismissing without prejudice. We find no error in the trial judge's actions and affirm.

¶19. Delta cites *McDonald's* for the proposition that special courts of eminent domain have the power to determine questions "that were previously considered within the province of the circuit court." But Delta reads *McDonald's* too broadly. The *McDonald's* opinion held only that, when a special court of eminent domain has subject matter jurisdiction of a condemnation proceeding, it may exercise pendent jurisdiction over any questions *of title*

11

which may arise in the proceedings. *Id.* at 936. Delta's due-process and civil-rights claims clearly do not implicate questions of title, so *McDonald's* lends no support to Delta's argument that the special court of eminent domain should have exercised pendent jurisdiction. And because *McDonald's* is the only case Delta cites as support, we find that this argument is without merit.

¶20. We also find that Delta's claim that the trial judge should have transferred its remaining claims instead of dismissing them is without merit. Delta cites two cases[8] in support of its argument, but neither is relevant. Although in both cases, this Court held that the action should have been transferred, it did so because of the constitutional mandate that cases mistakenly brought in circuit court should be transferred to chancery court, and vice versa. Neither case discusses the situation at bar. Further, Delta makes no attempt to show that it was prejudiced by the trial judge's decision to dismiss the claims without prejudice. We therefore affirm the trial judge's dismissal of Delta's remaining two claims.

## CONCLUSION

¶21. Because the trial judge considered matters outside the pleadings, MTC's motion to dismiss should have been converted into a motion for summary judgment. The trial judge's failure to convert the motion explicitly into a motion for summary judgment and give Delta notice and a reasonable opportunity to supplement was error, and we reverse and remand. We affirm the trial judge's decision to dismiss Delta's remaining two claims without prejudice.

---

[8] *Benedict v. City of Hattiesburg*, 693 So. 2d 377 (Miss. 1997); *Tillotson v. Anders*, 551 So. 2d 212 (Miss. 1989).

¶22.   **REVERSED AND REMANDED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.   KING, J., NOT PARTICIPATING.**