# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01651-COA

SHIRLEY BASS HEARN                                                               APPELLANT

v.

BAYVIEW LOAN SERVICING, LLC                                                      APPELLEE

DATE OF JUDGMENT:            10/17/2016
TRIAL JUDGE:                 HON. JOSEPH H. LOPER JR.
COURT FROM WHICH APPEALED:   GRENADA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      TARIK OMARI JOHNSON
ATTORNEY FOR APPELLEE:       PETER LAWRENCE LUBLIN
NATURE OF THE CASE:          CIVIL - OTHER
DISPOSITION:                 AFFIRMED: 01/09/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., FAIR AND GREENLEE, JJ.

### FAIR, J., FOR THE COURT:

¶1.     Shirley Hearn appeals the circuit court's grant of summary judgment against her in this ejectment case. Hearn contends that summary judgment should not have been granted because Bayview Loan Servicing filed a "brief in support" rather than a motion for summary judgment. We conclude that Hearn waived the issue by filing a response without complaining of the sufficiency of the motion. We affirm.

## DISCUSSION

¶2.     Hearn's sole issue on appeal is her contention, made for the first time on appeal, that the circuit court erred in granting summary judgment to Bayview based on Bayview's failure to file a written motion for summary judgment.

¶3. "We employ a de novo standard of review of a trial court's grant or denial of summary judgment . . . ." *Davis v. Hoss*, 869 So. 2d 397, 401 (¶10) (Miss. 2004).

¶4. Motions for summary judgment are governed by Mississippi Rule of Civil Procedure 56. The rule does not explicitly require a written motion to be filed, but it does require that "[t]he motion shall be served at least ten days before the time fixed for the hearing." M.R.C.P. 56(c). At the relevant time, Rule 4.03(1) of the Uniform Rules of Circuit and County Court Practice[1] provided in relevant part that "[t]he original of each motion, and all affidavits and other supporting evidentiary documents shall be filed with the clerk in the county where the action is docketed." Part (2) adds (in relevant part): "Movants for summary judgment shall file with the clerk as a part of the motion an itemization of the facts relied upon and not genuinely disputed and the respondent shall indicate either agreement or specific reasons for disagreement that such facts are undisputed and material." Rule 4.03 also contains requirements regarding the mailing and service of various documents relating to summary judgment, but those do not seem to be at issue in this case.

¶5. Here, Bayview filed a document styled "Brief in Support of Plaintiff's Motion for Summary Judgment." The filing was generally consistent with that description, though its conclusion styled it a "motion for summary judgment." Attached were various documents in support, and Bayview filed separately a "Statement of Undisputed Material Facts and

---

[1] The rule has subsequently been superseded by Rule 4.02 of the Uniform Civil Rules of Circuit and County Court Practice.

Theory of Recovery." *See* URCCC 4.03(2).

¶6.     The circuit court later entered an "order requiring response to motion for summary judgment," giving Hearn – who was at the time representing herself – ten days to file a response. Hearn then filed a "Brief in Response and Opposition to Plaintiff's Motion for Summary Judgment," addressing the merits of the brief/motion and making no complaints about its sufficiency as filed. The circuit court then granted summary judgment to Bayview, and Hearn has appealed from that judgment.

¶7.     The issue of the sufficiency of the filing was not raised until this appeal. Hearn now contends that Bayview was required to file its motion for summary judgment with the clerk – and on that point she is correct. *See* URCCC 4.03. But this Court has held that the requirement of a written summary judgment motion can be waived by failing to object to the motion. *See Lopez v. McClellan*, 2008-CA-01857-COA, 2010 WL 1664937, at *4 (¶21) (Miss. Ct. App. Apr. 27, 2010). The United States Court of Appeals for the Fifth Circuit has also noted, with approval, a district court decision "granting summary judgment where no motion was filed but the movant submitted a brief in support of summary judgment and the nonmovant treated it as a summary judgment motion" – which is exactly what occurred here. *See Enplanar Inc. v. Marsh*, 11 F.3d 1284, 1293 (5th Cir. 1994) (citing *Spickard v. Ribicoff*, 211 F. Supp. 555, 558 (W.D. Ky. 1962)). Hearn filed a response to the motion, addressed to the underlying merits. No objection was raised to the failure to file the motion itself.

¶8.     We conclude that Hearn waived any objection to Bayview's failure to file a formal

3

summary judgment motion when she filed her response on the merits of Bayview's brief/motion without objecting to its form. Hearn does not raise a due process issue expressly, but it is apparent that she had notice of the motion and an adequate opportunity to respond, so any such claim would be without merit. *See Palmer v. Biloxi Reg'l Med. Ctr.*, 649 So. 2d 179, 183-84 (Miss. 1994).

¶9.    **AFFIRMED.**

    **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**